PEOPLE, PLAINTIFF AND APPELLEE, v. GEIGEL, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecu-
tion for Violation of the Internal Revenue Law.

No. 1532.—Decided June 28, 1920.

EVIDENCE.—A book showing that the defendant on a certain day employed in his
    tobacco stripping establishment a certain number of employees is admissible
    in evidence although it may appear to have been changed, unless the defend-
    ant proves that the change was not made by him.
ID.—LICENSE—INTERNAL REVENUE.—If by the testimony of one of the witnesses
    for the defendant it is shown that he only had an internal revenue license
    for employing less than fifty persons in his establishment and it was proved
    that he employed fifty-two, the defendant cannot allege that the court erred
    in permitting it to be proved by oral evidence that he had not the corre-
    sponding license.

The facts are stated in the opinion.
Mr. A. García Ducós for the appellant.
Mr. J. E. Figueras, Fiscal, for the appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Antonio Geigel Paredes was convicted and sen-
tenced to pay a fine of one hundred dollars and the costs
on the charge of having, during the quarter ending Sep-
tember 30, 1919, wilfully and maliciously employed in his
tobacco factory more than fifty employees without having
the corresponding license.

A witness for the prosecution testified at the trial that
on July 18 he went into the factory and there found fifty-
three women stripping tobacco, and that according to a book
of the appellant of which he took possession, fifty-two per-
sons had been working there since the 7th of July. From
the evidence of the appellant it appears that he had a license
to employ only forty-nine persons, but that on the day re-
ferred to by the witness for the prosecution, although there
were more than forty-nine employees in the establishment,
only that number were engaged in stripping tobacco and the
others were engaged in other work.

The district attorney offered in evidence the book referred to by his witness and the appellant objected to its admission on the ground that it contained an alteration, and he alleges on appeal that its admission in evidence was erroneous.

The mere fact that the book contained an alteration was not a sufficient reason for excluding it, in the absence of evidence by the appellant that the alteration was not made by him; but even if it were error to admit the book in evidence, the error would not be prejudicial to the appellant, because without that evidence he could have been convicted on the testimony of the witness for the prosecution.

The other ground of appeal is that parole evidence was admitted to prove that he had not the corresponding license. This allegation is also without merit because the appellant himself proved by his own witness that he only had a license to employ less than fifty persons.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.